## DOLLOFF *v.* DANFORTH.

The purchaser of a crop of growing grass is entitled to the exclusive enjoyment of the crop standing on the land during the proper period of its full growth and removal, and may maintain trespass *quare clausum fregit* against a stranger who, during that time, wrongfully enters and cuts and carries away the grass.

TRESPASS *quare clausum fregit* and for cutting down and carrying away ten acres of the plaintiff's grass. Plea, the general issue with a brief statement.

The plaintiff offered evidence tending to show that about the 20th of June, 1859, he purchased of Edward W. Sanderson all his upland grass in the field, and paid him for the same; that on the same day he made a contract with said Sanderson to cut said grass and put it into a barn upon the same premises where he had agreed with said Sanderson that it might remain till the plaintiff should remove it, and paid said Sanderson for so doing; that the latter part of July said Sanderson under said contract, was cutting said grass, and had got about two thirds of the same cut and in the barn, when the defendant entered and attached the balance, and harvested and sold the same.

The defendant offered evidence tending to show that the close in which, &c., was the close of one Ichabod W. Sanderson, and that said Edward W. Sanderson was tenant of said Ichabod W. that year, living with said Ichabod on the farm, and carrying on the same, and having the income; that the plaintiff was never upon the premises except at the time of the pretended purchase, and at the time of the sale of the grass he resided in Nashua; and that the pretended sale from Edward W. Sanderson, of this grass, to the plaintiff, was fraudulent and void, as against said Sanderson's creditors; and that one Sackrider had a valid debt against said Sanderson at the time, which was sued; and that the proceedings and the attachment of the grass on said writ, and the sale of the same upon said writ, were legal and valid; and that said grass was fully ripe when it was attached.

*Sawyer & Stevens*, for the defendant.

*Morrison & Stanley*, for the plaintiff.

BARTLETT, J.    The only question raised in the case is whether the plaintiff upon his own evidence can maintain trespass *quare clausum.*  We think he can; his agreement with Sanderson entitled him to the exclusive enjoyment of the crop standing on the land during the proper period of its full growth and removal; and such exclusive right would enable him to maintain trespass *quare clausum* against any stranger who wrongfully enters and cuts and carries away the grass.    *Crosby* v. *Wadsworth*, 6 East 603; 2 Hill. Torts 8; 2 Greenl. Ev., sec. 614; 2 Saund. Pl. and Ev. 867;    *Waddington* v. *Bristow*, 2 B. & P. 542.  The fact that Sanderson agreed to cut the grass as his servant, does not alter the case.

*Judgment on the verdict.*